# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 9, 1906.

BERNARD L. JOHNSON
VS.
CHARLES E. GOODRICH.

*William M. Maloy* for plaintiff.

*Findlay, Mackenzie & Findlay* for defendant.

NILES, J.—

The bill of complaint in this case asks for an injunction against the de-

fendant, his agents and employees, restraining them from conducting the hardware or electrical business within a radius of one-half a mile from No. 1509 West Lafayette avenue. It also asks for other relief, but plaintiff's counsel stated in open court that he waived all other claims, and only asked for the injunction, as above set forth.

The determination of the controversy depends in my judgment upon the construction of a clause in the contract filed in the case, wherein, the defendant conveys to the plaintiff his stock in the Standard Hardware and Electric Company, and also enters into certain covenants with the plaintiff. The clause in question is, as follows:

"And the said Charles E. Goodrich in consideration of the premises, hereby covenants and agrees not to do any electrical or hardware business, or branches thereof, either directly or indirectly, as principal, agent or employee, in Baltimore city for one year from the date hereof, with any of the book customers of the said Charles E. Goodrich, individually, as the Standard Hardware Company, or the Standard Hardware and Electric Company, nor at any time after one year within a radius of one-half a mile from No. 1509 West Lafayette avenue, aforesaid, without the written consent of the said Bernard L. Johnson, reserving to himself, however, the right to do said business with any customers after said period, or any new customers from now on."

In my opinion, this clause should be construed as an obligation on the part of Charles E. Goodrich, not to do within one year from the date of the contract, for any of the old customers of the Standard Hardware and Electric Company, any business of the kind that, immediately prior to the date of the contract, had been done by that Company; and that he would not, at any time, carry on such business in premises situate within a half a mile from No. 1509 West Lafayette. avenue.

Two reasons especially lead me to this construction of the clause.

First. It is the only construction that gives some effect to every part of the instrument. Defendant's counsel admitted in open court very frankly that, under the construction advocated by him, there would be practically an entire nullification of certain words by other words which follow them.

Second. The proof shows that the instrument, as at first drawn, was considered too drastic, and that it was changed to allow the defendant somewhat more liberty of action.

The evidence leads me to believe that the contract at first read somewhat as follows:

"And the said Charles E. Goodrich * * * hereby covenants * * * not to do any electrical or hardware business * * * in Baltimore city for one year from the date hereof, nor at any time after one year within a radius of one-half a mile from No. 1509 West Lafayette avenue aforesaid," and that afterward it was agreed that this covenant, which at first prohibited him from doing business at all within the half mile limit, and from doing business within one year at any place in Baltimore city, should be modified to this extent, and to this extent only, that he was not to be prevented from getting new customers at any time, and that, after one year, he was not to be prevented from taking the old customers if he could. But these modifications did not necessarily, nor even presumably, conflict with the previous agreement that Goodrich should not have his place of business within the half mile limit.

I believe, then, that while, the new matter which was added after the first draft of the contract was intended to make less drastic, the provisions applicable to Goodrich after the first year, it was not intended to do away with them altogether.

I further find that Charles E. Goodrich has broken the contract, so construed, by carrying on business of the same general kind that was done by the Standard Hardware and Electric Company immediately prior to the date of the contract at premises within the half mile limit. The exhibits filed in the case, the testimony of C. E. Goodrich on page 59 (answer to the fourth question), and the testimony of Mrs. Ellen J. Goodrich, on page 50, in her cross-examination, seems to be too clear to be gainsaid.

In my opinion, the plaintiff is, therefore, entitled to maintain this suit, and I will sign a decree granting the injunction, restraining the defendant, directly or indirectly, from car-

rying on the electrical or hardware business in premises within half a mile from No. 1509 West Lafayette avenue.

It does not seem to me that this will work any considerable hardship on the defendant, as according to his testimony (on page 57), ninety per cent. of his work is done a mile away from 1506 West Lafayette avenue, and he would only be required to have an office and headquarters in some other premises than those in which he at present has his residence. All that is required is, that he either shifts his residence to some place beyond the half mile limit, or that he ceases to use his residence as office and headquarters for his business, and this, I think, is only justice to the plaintiff. The defendant will be required to pay the costs.

I desire to express in conclusion, my thanks to the counsel who have aided me so greatly in coming to the determination by their able arguments.